CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
JUN 25 2010
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| KENNETH S. AUSTIN, | Civil Action No. 5:09CV00103 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | By: Hon. Glen E. Conrad United States District Judge |
| Defendant. | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. § 1381 et seq. Jurisdiction of this court is pursuant to 42 U.S.C. § 1383(c)(3), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues before this court are whether the Commissioner's final decision is supported by substantial evidence, and if it is not, whether plaintiff has met the burden of proof as prescribed by and pursuant to the Act. Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Kenneth S. Austin, was born on February 14, 1959, and eventually completed his high school education. Mr. Austin has worked as a handyman, pipe assembler, and pin setter in a bowling alley. He last worked on a regular and sustained basis in 2000. On December 19, 2006, Mr. Austin filed an application for supplemental security income benefits. Earlier applications for such benefits had proven unsuccessful. In filing his most recent application, plaintiff alleged that he

became disabled for all forms of substantial gainful employment on September 3, 2005 due to chronic fatigue syndrome, herniated discs, torticollis, bursitis of the right patella, tendon inflammation, arthritis, bipolar disorder, depression, and mental illness. Mr. Austin now maintains that he has remained disabled to the present time.

Plaintiff's claim for supplemental security income benefits was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated July 10, 2009, the Law Judge also determined that Mr. Austin is not disabled. The Law Judge found that plaintiff suffers from severe impairments based on cervical degenerative disc disease, left shoulder impingement/rotator cuff injury resulting in arthroscopic surgery, and a severe mental impairment on the bases of an affective disorder and anxiety-related disorder. Based on these conditions, the Law Judge assumed that Mr. Austin is disabled for his past relevant work activities. However, the Law Judge found that plaintiff retains sufficient functional capacity to perform unskilled, light work activity in which he does not work with other people. Given such a residual functional capacity, and after considering Mr. Austin's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge determined that plaintiff retains sufficient functional capacity to perform several specific light work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mr. Austin is not disabled, and that he is not entitled to supplemental security income benefits. See 20 C.F.R. § 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Austin has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. Mr. Austin suffers from significant musculoskeletal difficulties. However, the court believes that the Administrative Law Judge properly determined that plaintiff's physical problems are not so severe as to prevent performance of light levels of exertional activity. Indeed, at the time of oral argument in this case, plaintiff conceded that his physical difficulties are not so severe as to constitute a disabling impairment in and of themselves. However, plaintiff also suffers from bipolar II disorder and panic disorder. A treating psychiatrist has produced mental status findings and opinions which indicate that plaintiff is unable to work because of his nonexertional impairments. While the Administrative Law Judge discounted the treating psychiatrist's findings based on reports from nonexamining state agency psychologists, the court concludes that the Law Judge's opinion in this regard is inconsistent with the governing administrative regulations. The court also believes that the Commissioner's arguments regarding inconsistencies in the treating psychiatrist's reports overlook the importance of the treatment relationship as well as certain observations made by the psychiatrist as to the impact that

3

work could be expected to produce in a case such as Mr. Austin's. The court concludes that the Commissioner's treatment of plaintiff's psychiatric condition is not supported by substantial evidence. The court further concludes that, based on the reports from the treating psychiatrist, Mr. Austin has met the burden of proof in establishing total disability for all forms of substantial gainful employment.

Dr. Raymond J. Alderfer, a psychiatrist, began treatment of Mr. Austin on August 3, 2006. Plaintiff was referred to Dr. Alderfer's care by his family doctor at the Elkton Medical Center. By way of history, Dr. Alderfer noted that Mr. Austin had had major depressive episodes and that he was currently experiencing intermittent episodes of depression which could last anywhere from fifteen minutes to a day. The psychiatrist related that plaintiff had been treated for depression since at least 2001. Dr. Alderfer listed mental status findings as follows:

> He was casually groomed and dressed, with no agitation or psychomotor retardation. Mood was described as "good." Affect had relatively good range, at times labile with intermittent crying; otherwise, relatively stable. Thought was generally logical but circumstantial and at times tangential. Speech was mildly pressured. He denied suicidal and homicidal. No psychotic symptoms. He was oriented times 3, and sensorium was clear. Insight and judgment were poor. Abstracting ability was intact.

(TR 406). Dr. Alderfer diagnosed bipolar II disorder and panic disorder with agoraphobia. The doctor assessed plaintiff's GAF at 45.[1]

Dr. Alderfer continued to see Mr. Austin every two or three months. On April 24, 2009, Dr. Alderfer completed a medial source statement of plaintiff's mental ability for work-related activities.

---

[1] The global assessment of functioning, or GAF, is used to report the clinician's judgment of the subject's overall level of functioning. A score between 41 and 50 is indicative of serious symptoms or any serious impairment in social, occupational, or school functioning. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 48 (4th ed. text rev. 2000).

4

The psychiatrist noted fair to poor ability to perform most mental and emotional work-related functions. In a letter dated April 27, 2009, Dr. Alderfer reported as follows:

> I have treated Mr. Austin for Bipolar II Disorder and Panic Disorder with agoraphobia since first evaluating him, August 3d, 2006, at Valley Behavioral Medicine. His symptoms include panic attacks, unstable moods with episodes of depression, anxiety, irritability, agitation, racing thoughts, poor concentration and hypomanic episodes. Treatment has included medications for Bipolar disorder including lithium, valproic acid, Prozac, clonazepam and trazodone. He has had fair response to these medications but has remained symptomatic. Compliance with treatment has been complicated by lack of resources to continue medications. He has been unable to work since my initial evaluation and reported he had not worked for the previous five years because of his symptoms.

(TR 575).

As previously noted, the Administrative Law Judge discounted Dr. Alderfer's assessment. The Law Judge relied upon a report prepared by Dr. Nicole Sampson, a psychologist, on July 2, 2007. (TR 464). It is undisputed that Dr. Sampson has never seen or examined Mr. Austin. Dr. Sampson commented as follows:

> The medical source opinion of the treating source, Raymond J. Alderfer, MD, in the report dated 6/13/07, indicates that the claimant has been unable to work for 5 years. This statement was based on the claimant's own opinion when providing his personal history. Dr. Alderfer has only been treating this claimant since 8/06, therefore he is not qualified to provide a longitudinal opinion as to his ability to maintain employment in the past. This is an issue reserved to the Commissioner. However, consideration was given to this opinion.
>
> The claimant is able to meet the basic mental demands of competitive work on a sustained basis despite the limitations from his impairments.

(TR 464). In his memorandum in support of a motion for summary judgment, the Commissioner, in a more considered and detailed argument, observes that Dr. Alderfer's mental status findings during his period of treatment of Mr. Austin are not totally consistent with the opinion that plaintiff continues to be seriously impaired.

As a general matter, the court does not believe that the Law Judge's treatment of Dr. Alderfer's reports and opinions, or the Law Judge's reliance on the report of the nonexamining psychologist, comport with the requirements of the administrative regulations dealing with the evaluation of opinion evidence. Under 20 C.F.R. § 416.927(d)(1), it is explicitly provided that, generally, more weight will be given to the opinion of a medical source who has actually examined the claimant. Moreover, 20 C.F.R. § 416.927(d)(2) directs that, generally, more weight is given to opinions from treating sources, since such professionals are more likely able to provide a detailed, longitudinal picture of the claimant's medical impairments. Finally, under 20 C.F.R. § 416.927(d)(5), it is noted that more weight is accorded to the opinion of a specialist about medical issues related to the area of specialty. In the instant case, it is clear that Dr. Alderfer actually saw Mr. Austin on several occasions, whereas the state agency physician has never seen or examined the plaintiff. Moreover, while the Law Judge may rightly consider a period of treatment of nine months to be somewhat less than the longitudinal picture contemplated under the administrative regulations, there can be no question that Dr. Alderfer qualifies as a treating source. Perhaps most importantly, in Mr. Austin's case, there is a stark contrast between the qualifications of Dr. Alderfer and those of the state agency psychologist. Dr. Alderfer is a physician with a medical specialty in psychiatry. The state agency psychologist is not a physician. She neither examined nor treated Mr. Austin on even a single occasion. In such circumstances, the court does not believe that the Law Judge's reliance on the report of the nonexamining psychologist can be deemed to be supported by substantial evidence.

As noted above, in his memorandum in support of a motion for summary judgment, the Commissioner makes a somewhat stronger case for questioning Dr. Alderfer's assessment. The Commissioner contends that Dr. Alderfer's clinical notes are not consistent with the opinions given

in his letter and assessment submitted in April of 2009. In this context, the court notes that it is true that 20 C.F.R. § 416.927(d)(3) and (4) speak to the importance of "supportability" and "consistency" in evaluating opinion evidence. The Commissioner correctly observes that in various clinical notes compiled during his treatment of Mr. Austin, Dr. Alderfer noted relatively unremarkable mental status findings. On several occasions, Mr. Austin was said to have enjoyed a good response to his prescription medications. Based on these facts, the Commissioner argues that Dr. Alderfer's opinion "is wholly unsupported and contradicts all of his treatment notes." The Commissioner joins in the Law Judge's observation that Dr. Alderfer's "assessment and disability endorsement . . . appeared to have been based largely on the claimant's reported symptoms and limitations." (TR 17).

The court does not consider it overly remarkable that Dr. Alderfer may have listened to plaintiff's complaints during their treatment sessions. Psychiatric evaluations cannot be based on x-rays or laboratory studies. Instead, a mental health clinician must be able to observe the claimant, consider his complaints, and assess his mental status. Perhaps it is for this very reason that the administrative regulations emphasize the importance of the examining relationship and the treatment relationship. Moreover, a psychiatrist would be expected to be more adept in such matters than a psychologist. As to the seeming inconsistency of Dr. Alderfer's clinical findings and his ultimate opinion as to plaintiff's disability, the court believes that the discrepancy is addressed in Dr. Alderfer's letter of April 27, 2009, in which he noted that Mr. Austin had had fair response to his medications, but that his compliance with treatment has been complicated by his inability to afford the medications prescribed. (TR 575). Perhaps the most telling reason given by Dr. Alderfer for the discrepancy is that stated in one of his reports compiled during his treatment of Mr. Austin, as well as in his assessment of plaintiff's mental ability for work-related activities. On both occasions, the

psychiatrist observed that plaintiff's symptoms, including mood instability, agitation, irritability, poor concentration, and anxiety, are exacerbated by job stress. (TR 388, 577). Thus, it is not especially unusual that plaintiff's mental status findings would be less remarkable during periods in which he is not exposed to work stress, as was the case throughout Dr. Alderfer's treatment of Mr. Austin. In short, the court is unable to conclude that the reasons advanced in support of the rejection of Dr. Alderfer's findings and opinions are supported by substantial evidence.

In passing, the court cannot help but note that if the Commissioner had reason to doubt the accuracy or consistency of the psychiatric assessment offered by Dr. Alderfer, the Commissioner had full authority to require Mr. Austin to appear for a consultative evaluation by an independent psychiatrist designated by the state disability agency. See 20 C.F.R. §§ 416.917 and 416.918. Indeed, Dr. Christopher Newell, a medical consultant who evaluated plaintiff's physical problems at the behest of the state disability agency, specifically recommended that Mr. Austin be referred for a psychological examination. (TR 436). No such consultative psychiatric (or psychological) examination was commissioned by the state disability agency, and, as it now stands, the psychiatric evidence supporting plaintiff's claim of disability is essentially undisputed by any examining or treating source.

When asked to consider the work-related limitations identified by Dr. Alderfer, the vocational expert opined that Mr. Austin would be unable to perform any work role existing in the national economy. (TR 47). Accordingly, the court concludes that Mr. Austin has met the burden of proof in establishing disability for all forms of substantial gainful employment. The court concludes that

Mr. Austin has met the burden in establishing that he was disabled as of the date of his most recent application for supplemental security income benefits.[2]

For the reasons stated, the court is constrained to conclude that the Commissioner's final decision is not supported by substantial evidence. Defendant's motion for summary judgment must, therefore, be denied. Upon the finding that plaintiff has met the burden of proof as prescribed by and pursuant to the Act in establishing disability for all forms of substantial gainful employment, judgment will be entered in favor of the plaintiff. The Commissioner's final decision denying supplemental security income benefits will be reversed to the extent that the denial was based on the finding that plaintiff is not disabled. However, since the Commissioner has apparently not considered whether plaintiff meets the financial eligibility requirements under the SSI Benefit Program, the court must remand the case to the Commissioner for an appropriate determination. An order and judgment in conformity will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER: This 25th day of June, 2010.

_____
United States District Judge

---

[2] Pursuant to 20 C.F.R. § 416.335, a successful applicant for supplemental security income benefits may not receive such benefits for any period of time prior to the month following the month of application.